# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DONALD E. EATON, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:10-0007 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | |
| TENNESSEE CHILDREN'S HOME, | ) | MAGISTRATE JUDGE KNOWLES |
| and BRIAN KING, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ~~[Proposed]~~ CASE MANAGEMENT CONFERENCE ORDER

### I.   JURISDICTION AND VENUE.

Plaintiff contends jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Defendant denies that this Court has jurisdiction over this case. This is an action under the Family and Medical Leave Act of 1993 ("FMLA"), codified at 29 U.S.C. § 2601, *et seq*. Venue is proper inasmuch as the facts that are alleged in the Complaint all occurred in the Middle District of Tennessee.

### II.   THE PARTIES THEORIES OF THE CASE.

#### A.   Plaintiff's Theory of the Case:

Plaintiff Don Eaton started employment with the Defendant at its Spring Hill, Tennessee home in 1980 in the maintenance department. Mr. Eaton's job duties consisted of general equipment maintenance, farm work (cutting and hauling hay), and some electrical work.

In April 2009, Mr. Eaton was diagnosed with a heart condition after experiencing some shortness of breath and chest pains. Tests were performed at Maury Regional Medical Center

1

Case 1:10-cv-00007   Document 13   Filed 03/29/10   Page 1 of 5 PageID #: 42

("Maury Regional") in Columbia which found blockages around his heart. In consultation with his cardiologist, Mr. Eaton was scheduled for heart-bypass surgery at Maury Regional. The surgery was performed on April 27, 2009; he was released on May 2, 2009.

Before Mr. Eaton went in for heart surgery, Defendant authorized and approved him for FMLA leave beginning on April 20, 2009 through June 22, 2009. See, Complaint, Exhibit A. In addition to the FMLA leave. Mr. Eaton had accumulated approximately 627 hours of sick leave, along with four (4) weeks of vacation. See, Complaint, Exhibit B.

On June 4, 2009 while Mr. Eaton was at home recuperating from the heart surgery, Jerry Burse came to Mr. Eaton's home and told him that he was being given a "Permanent Lay-off" effective July 4, 2009. Mr. Burse explained that this was based on a directive from the President of the Tennessee Children's Home, Defendant King.

Plaintiff Don Eaton contends that the actions of the Defendants, jointly and severally, in terminating his employment was an interference with and a violation of the FMLA. Plaintiff Eaton contends that as a result of this, he is entitled to compensatory damages, back pay, front pay (or reinstatement), along with reasonable attorney's fees.

**B.**     **Defendants' Theory of the Case:**

Plaintiff was employed as a maintenance employee by Defendant, and worked primarily on the "hay program," whereby the children under Defendant's care earned money by bailing hay, which was ultimately sold in early 2009, the State of Tennessee requested that Defendant shift its focus. As a result, farm equipment was sold, and the land on which the "hay program" operated was leased out to other parties.

Due to this shift in focus, Plaintiff's position was eliminated and he was laid off. The

2

remaining employees in maintenance were more skilled in general areas such as electrical work and carpentry, and therefore, retained.

Plaintiff's lay off was in no way related to any medical leave or treatment he undertook.

Additionally, Defendant did not have the requisite number of employees to be covered by the FMLA. Therefore, Defendant was not a covered employer, and Plaintiff was not a covered employee entitled to FMLA leave, and, therefore, his case should be dismissed.

III.     **SCHEDULE OF PRETRIAL PROCEEDINGS.**

A.     **Rule 26(a)(1) Disclosures by the Parties:**

The Parties shall make their respective Rule 26(a)(1) by Thursday, April 29, 2010.

B.     **Identification of the Issues:**

1. Whether Defendant was a covered employer under the FMLA?

2. Whether Plaintiff was entitled to leave under the FMLA?

3. Whether Plaintiff was terminated in violation of the FMLA?

4. Whether Defendant had a non-discriminatory reason when it terminated the Plaintiff?

5. If there was a violation of the FMLA, what are the measure of damages?

C.     **Other Pretrial Discovery Matters:**

1.     **Target Trial Date.**

The parties request a trial date in ~~April~~ or May 2011. The case is set for a jury trial and the parties expect it to last 3 days.

2.     **Deadline for Discovery.**

3

All discovery shall be completed by the close of business on Thursday, September 30, 2010. Prior to the filing of any discovery-related motion, the parties shall ~~schedule and conduct a~~ confer ~~telephone conference with the Magistrate Judge~~ in a good-faith effort to resolve the dispute. There shall be no stay of discovery pending disposition of any motions. *Discovery-related Motions are due on or before October 7, 2010.*

3. **Dispositive Motions.**

All dispositive motions shall be filed by the close of business on Friday, October 29, 2010. A Response shall be filed by the close of business on Tuesday, November 22, 2010, or twenty one (21) days after the dispositive motion is served on the opposing party. Any Reply shall be filed by the close of business fourteen (14) days after the Response is served.

4. **Motions to Amend.**

Any motion to amend the pleadings or join parties shall be filed by the close of business on Friday, May 14, 2010.

5. **Plaintiff's Rule 26 Expert Report.**

By the close of business on Wednesday, June 30, 2010, the Plaintiff shall declare to the Defendants (not to file with the Court) the identity of his expert witnesses (if any), and provide all the information specified in Rule 26(a)(2)(B).

6. **Defendants' Rule 26 Expert Report.**

By the close of business on Friday, July 30, 2010, the Defendants shall declare to the Plaintiff (not to file with the Court) the identity of their expert witnesses (if any), and provide all the information specified in Rule 26(a)(2)(B). *The target trial date is June 7, 2011.*

It is so **ORDERED**.

**ENTERED** this the _____ day of March, 2010.

4

_____
**E. CLIFTON KNOWLES**
**United States Magistrate Judge**


**APPROVED FOR ENTRY:**

**THE LAW OFFICE OF DAVID L. COOPER, P.C.**


  s/ David L. Cooper
**DAVID L. COOPER**

Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008

Attorney for Plaintiff




**SHUTTLEWORTH WILLIAMS**


  s/ R. Joseph Leibovich
**R. JOSEPH LEIBOVICH**
**MICHAEL G. DERRICK**

22 North Front Street, Suite 850
P.O. Box 3020
Memphis, TN 38173-0020
(901) 328-8269

Attorneys for Defendants

5